IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KIMBRA JO SIMS

v.                              NO. 3:13CV00119 BSM                              PLAINTIFF

TENNECO AUTOMOTIVE OPERATING
COMPANY INC.
                                                                                 DEFENDANT

## PROTECTIVE ORDER

By agreement of the parties, pursuant to Fed. R. Civ. P. 26, IT IS ORDERED that this Protective Order govern certain discovery requests of the parties to this litigation.

1. Findings. The plaintiff propounded the following Requests for Production of Documents to the defendant, and the defendant submitted the following responses:

REQUEST FOR PRODUCTION NO. 4: Please produce or identify a copy of all grievances filed by any other Tenneco employee whose personnel file is produced.

RESPONSE: Objection. This Request for Production is overbroad, vague and confusing, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is privileged and constitutes work product. In addition, this Request for Production seeks private and confidential information. Tenneco further requests that, in the even it is ordered to produce all or part of the requested information, that this Court issue a protective order, limiting information produce and limiting the plaintiff's ability to use any such information.

REQUEST FOR PRODUCTION NO. 3: Please produce the complete personnel files of the following Tenneco employees: Harold Diggs, Mike Brown, Richard Hartness, Matt Sims, Terry McBroom, Scott Arnold, Kelly Brumley, Donna Murphy, Beverly Cunningham, Barbara Hewlett, and Shayla Blackford.

RESPONSE: Objection. This Request for Production is overbroad, seeks information not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is privileged and constitutes work product. In addition, this Request for Production seek private and confidential information, including information protected by the federal HIPAA privacy law. Tenneco further requests that, in the even it is ordered to produce all or part of the requested

**information, that this Court issue a protective order, limiting information produce and limiting the plaintiff's ability to use any such information.**

2. As used in this Order, "protected materials" means the documents requested in the Requests for Production identified in paragraph 1 of this Order.

3. The defendant is ordered to make the personnel files of the defendant's employees identified in Request for Production No. 3, available for inspection by plaintiff's counsel. These personnel files shall include grievances filed by the other Tenneco employees whose personnel files are produced pursuant to this Order. These personnel files shall be referred to hereinafter as the "protected materials." After review by plaintiff's counsel, plaintiff's counsel may request copies of said protected materials, and the defendant shall produce copies of protected materials requested by plaintiff's counsel, except copies of the following documents in the employee personnel files shall not be required to be provided to plaintiff's counsel: banking information, court documents related to child support or garnishments, direct deposition information for employee paychecks, information related to employee insurance including beneficiary designations, W-4 withholding forms and Social Security Administration forms, and information related to employee retirement plans including beneficiary designation information. The defendant shall be entitled to charge plaintiff's counsel a reasonable fee of $0.20 per page for any copies of made of employee personnel files.

4. Protected materials produced by the defendant shall not be disclosed or used by counsel, or by any other person receiving such materials pursuant to this Order, except for the conduct of this proceeding, and except in accordance with the terms of this Order. All copies, extracts, or summaries in any form whatsoever, mechanical, electronic or otherwise derived or prepared from said documents, are protected by and subject to this Order and shall be used only in accordance with the provisions of this Order.

5. If a document or other tangible item identified as protected materials is offered at any trial or hearing, any party may request that the Court extend some manner of protection to such document and the Court will consider the request on a document-by-document basis. However, to the extent that documents or other tangible items previously identified as protected materials are introduced as exhibits, without special protection by the Court, such documents will no longer be subject to the scope of this Order.

6. The party requesting protected materials shall be responsible for safeguarding all protected materials disclosed under this Order. Any person to whom disclosure or inspection is made shall be bound by the terms of this Order. Any person to whom disclosure or inspection is made under this Order who violates the terms of this Order may be subject to sanctions imposed by the Court for such violation, including but not limited to the assessment of money damages and injunctive relief.

7. This Order shall remain in full force and effect and survive the entry of any order by the Court resulting in the termination of this action, unless this Order is expressly modified or vacated by the Court upon notice to all parties and opportunity for a hearing.

**IT IS SO ORDERED.**

*/s/ Brian S. Miller*
UNITED STATES DISTRICT COURT

April 1, 2014
DATE

APPROVED AS TO FORM:

*signature*

James H. Penick, III
Eichenbaum Liles P.A.
124 West Capitol Avenue, Suite 1900
Little Rock, Arkansas 72201
*Attorney for plaintiff Kimbra Jo Sims*

*signature*

Robert F. Thompson III (97232)
Branch, Thompson, Warmath, & Dale, P.A.
414 West Court Street
Paragould, Arkansas 72450
*Attorneys for defendant Tenneco Automotive Operating Company, Inc.*